# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VALERO MARKETING AND SUPPLY COMPANY, | § § § | Civil Action No. **14-2712** |
| Plaintiff, | § § | |
| v. | § § | Filed under Rule 9(h) Fed. R. Civ. P. |
| M/V ALMI SUN, IMO NO. 9579535, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, | § § § § | (ADMIRALTY) **SECT. G MAG. 4** |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

NOW COMES Plaintiff, VALERO MARKETING AND SUPPLY COMPANY (hereinafter "Valero" or "Plaintiff"), against the M/V ALMI SUN, IMO No. 9579535, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. (hereinafter "M/V ALMI SUN" or "the Vessel"), *in rem*, and alleges and pleads as follows:

### JURISDICTION AND VENUE

1.      Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act ("CIMLA"), 46 U.S.C. §§ 31301-31343. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

2.      This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of the M/V ALMI SUN.

3.      Jurisdiction is founded on the presence within the District (or soon to be within the District) of the M/V ALMI SUN, which may be arrested and attached in accordance with the provisions of Rule C, as pled below.

PARTIES

4.      At all times material hereto, Valero was and still is a Delaware corporation, with its office at One Valero Way, San Antonio, TX 78249.

5.      Defendant M/V ALMI SUN, IMO No. 9579535, engines, apparel, furniture, equipment, appurtenances, tackle, etc., is registered under the laws of Liberia, and is and will be within the jurisdiction of the United States and this Honorable Court during the pendency of this action.

FACTS

6.      Valero brings this action to recover amounts indisputably due and owing to it under a maritime contract for the supply of fuel bunkers to the Vessel (hereinafter the "Bunker Contract"). A copy of the Bunker Contract is attached hereto as Exhibit "A."

7.      The Bunker Contract is between Valero and an entity named O.W. Bunker USA, Inc. (hereinafter "O.W. Bunker"), which was acting as agent for the Vessel when it entered into the Bunker Contract. *Id.*   Additionally, the Vessel's Authorized Vessel Officer procured the bunkers for the vessel as demonstrated by the signature and Vessel's stamp on the Bunker Certificate and is an officer appointed by the Vessel, all in accord with CIMLA, 46 U.S.C. §31341(a)(4). The Bunker Certificate is attached as Exhibit "B" hereto.

8.      The Bunker Contract, bearing the Contract No. 40467535 and entered into on or about October 24, 2014, called for the delivery of 200 metric tons of bunker fuel to the Vessel on or about October 25 to 27, 2014, at Corpus Christi, Texas. See Exhibit "A." The Bunker Contract

2

required payment for the bunkers within 30 calendar days of delivery and provides for the accrual of interest on any late payments. *Id.*

9.      In accordance with the Bunker Contract, Valero delivered bunkers to the Vessel on or about October 25 and 26, 2014, at Corpus Christi, Texas (Citgo Dock 3).  In connection with the delivery, a Bunker Certificate was signed by the Vessel's Authorized Vessel Officer and stamped with the "Ship's Stamp" of the Vessel.  See Exhibit "B."

10.     The total amount owed by the Vessel and her agent, O.W. Bunker, to Valero for this delivery is USD $124,388.24. See Exhibit "C," Invoice No. 91115556.

11.     Under the 30-day payment term of the Bunker Contract, the payment deadline for the October 25-26, 2014 delivery was November 25, 2014.  As of the date of filing this First Verified Original Complaint, Valero has not received any payment.  The failure to pay for the bunkers gives rise to a maritime lien claim against the vessel, which may be exercised by arresting the vessel in rem.

12.     By signing and stamping the Bunker Certificate, the Vessel's officers and representatives acted on behalf of the Vessel and her Owner and/or Operator to procure bunkers, and thereby accepted the bunkers on behalf of, *inter alia*, the Vessel in compliance with the CIMLA, 46 U.S.C. §§ 31301-31343.

13.     The said bunkers delivered to the Vessel were necessary to the accomplishment of her mission, to wit: the movement of cargo in international trade.  The Vessel's representatives at the time of the bunker deliveries discussed herein were authorized to order necessaries for the account and on the credit of the Vessel.

14.     The Vessel has received the benefit of the aforementioned bunker deliveries and is indebted to Valero and obligated to pay for the aforementioned goods and services.

3

15.     Valero performed all conditions precedent to warrant full and complete payment for the aforementioned services.

16.     As a result of the foregoing, Valero possesses a maritime lien on the Vessel for the provision of necessaries, *i.e.* bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

17.     Payment of all sums has been duly demanded by Valero from the Vessel and its Owners.  However, to date, the Vessel has neglected, failed or otherwise refused to pay the outstanding aggregate sum of USD $124,388.24 plus interest and fees, which is indisputably due and owing to Valero for the bunkers under the relevant Bunker Contract.  Furthermore, O.W. Bunker and its United States affiliated companies have filed for bankruptcy in Connecticut and have advised the Bankruptcy Court that liquidation is expected, which is presumptively indicative of insolvency. Valero has no expectation that it will ever receive payment for the amounts due and owing from O.W. Bunkers.

<u>ALLEGATIONS IN SUPPORT OF VESSEL ARREST</u>

18.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "17" and incorporates those allegations herein.

19.     As a result of the failure to pay the amounts owed to Valero for the bunkers supplied to the Vessel, under the terms of the Sales Agreements, Valero's claim for the amount of USD $124,388.24, plus interest and fees, attaches a maritime lien on the Vessel in favor of Valero, which is enforceable by this suit *in rem*.

20.     Accordingly, Valero seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Admiralty Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

WHEREFORE PREMISES CONSIDERED, Valero prays as follows:

4

A.      That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, issue against the M/V ALMI SUN, citing it to appear and answer under oath all, and singular, the matters, alleged in the Verified Complaint;

B.      That a warrant for the arrest of the M/V ALMI SUN be issued and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the M/V ALMI SUN, engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*;

C.      That after due proceedings, judgment be entered in favor of Valero and against the M/V ALMI SUN, engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, for the amount of USD $124,388.24 as well as for contractual pre-judgment interest, post-judgment interest, costs, available attorney's fees, if any, and disbursements for this action;

D.      That the M/V ALMI SUN, engines, apparel, furniture, equipment, appurtenances, tackle, etc., after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Valero out of the proceeds of the said sale, the full amount of its claim, together with interest, costs, and attorney's fees; and,

E.      That the Court grant Valero such other and further relief as may be just, equitable, and proper.

Dated: November 26, 2014
New Orleans, Louisiana

Respectfully submitted,

MICHAEL H. BAGOT, JR. (#2665)
THOMAS J. WAGNER (#13143)
THOMAS A. RAYER, JR. (#20581)
**WAGNER, BAGOT & RAYER, LLP**
Pan American Life Center – Suite 1660
601 Poydras Street
New Orleans, Louisiana  70130
Telephone:  (504) 525-2141
Facsimile:  (504) 523-1587
E-mail:  mbagot@wb-lalaw.com
E-mail:  twagner@wb-lalaw.com
E-mail:  trayer@wb-lalaw.com
Attorneys for Plaintiff,
Valero Marketing and Supply Company

## CERTIFICATE OF SERVICE

This confirms that the U.S. Marshal has been or will be instructed to serve this application along with all other pleadings on the vessel at issue in accordance with Rule C of the Federal Rules of Civil Rules of Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

Michael H. Bagot, Jr.

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| VALERO MARKETING AND SUPPLY COMPANY, | § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | Filed under Rule 9(h) Fed. R. Civ. P. |
| M/V ALMI SUN, IMO NO. 9579535, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, | § § § § | (ADMIRALTY) |
| Defendant. | § § | |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Craig A. Stanich, declares under the penalty of perjury:

1.     "I am Craig A. Stanich, Vice President for Valero Marketing and Supply Company, which is the Plaintiff in the above captioned bunker contract dispute."

2.     "I have read the foregoing Original Verified Complaint and know the contents thereof."

3.     "The matters asserted in paragraphs six (6) through seventeen (17) of the Original Verified Complaint are true to the best of my personal knowledge, information, and belief."

4.     "The documents attached to the foregoing Original Verified Complaint as Exhibits A-C are true and correct copies of records maintained by Valero Marketing and Supply Company."

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 26, 2014                    Respectfully submitted,
        San Antonio, Texas

                                             _____
                                             PRINTED NAME: Craig A. Stanich

- 7 -

# VALERO
# MARKETING AND SUPPLY COMPANY

One Valero Way, San Antonio, TX 78249-1616
P.O. Box 696000, San Antonio, TX 78269-6000

**Sold To:**                                    (Printed on 10/30/2014)

O.W. BUNKER USA, INC.
1485 E. SAM HOUSTON PKWY S.
PASADENA TX 77503

**Sales Contract Confirmation**
**CONTRACT NUMBER/DATE**
40467535 / 10/24/2014
Reference no./Date

EPA ID No:
Contact:  XXXX
Fax:     281-817-2090

Contract Type
Spot
Customer No.
111350
Validity period
10/25/2014 to 10/27/2014
Valero Trader:
DAVID OLSON
Telephone:
210-345-2552
Contract Administration:
MARTIN TOVAR

PLEASE NOTE THAT VALERO MARKETING AND SUPPLY COMPANY'S ("VALERO") CONTRACT
ADMINISTRATION FAX NUMBER IS 001-210-345-2585. ALL CONTRACTUAL CORRESPONDENCE FOR
THIS DEAL MUST BE DIRECTED TO THIS FAX NUMBER. VALERO MARKETING AND SUPPLY COMPANY
WILL NOT BE DEEMED TO HAVE NOTICE OF CORRESPONDENCE SENT TO ANY OTHER NUMBER, AND
WILL NOT BE RESPONSIBLE FOR ANY LOSSES, COSTS, LIABILITIES OR DELAYS RESULTING FROM
CORRESPONDENCE SENT TO ANY OTHER NUMBER.

IN ACCORDANCE WITH THE AGREEMENT ON OCT 24, 2014 BETWEEN DAVID OLSON OF VALERO
MARKETING AND SUPPLY COMPANY ("SELLER") AND O.W. BUNKER USA, INC. ("BUYER"), VALERO
IS PLEASED TO CONFIRM THE FOLLOWING SALE CONTRACT.

PLEASE REFER TO VALERO'S CONTRACT NUMBER ON ALL CORRESPONDENCE.

***** ITEM 000010 *****
**PRODUCT/GRADE:**
Fuel Oil 380

**SPECIFICATIONS:**
PRODUCT IS HSFO (3.5%)

TEST

| PROPERTY | METHOD | UNIT | MIN | MAX | TYP |
|---|---|---|---|---|---|
| RMG   380 IFO-380 | | | | | |
| DENSITY | D1293 | | | 0.991 | |
| CARBON RESIDUE, CONRADSEN | D0189 | WT% | | 18.0 | |



EXHIBIT

A

(Page 2 of 6)

O.W. BUNKER USA, INC.                    Doc. no./Date              Page 2 of 6
1485 E. SAM HOUSTON PKWY S.              40467535 / 10/24/2014
PASADENA TX 77503

| | | | |
|---|---|---|---|
| ASH | D0482 | WT% | 0.15 |
| FLASH, PENSKY MARTEN | D0093 | D/C | 60.0 |
| POUR POINT | D0097 | D/C | 30.0 |
| WATER | D0095 | VL% | 0.50 |
| VANADIUM | D3605 | PPM | 300.0 |
| ALUMINUM & SILICON | | PPM | 60.0 |
| SULFUR | D4294 | WT% | 1.0% MAX |
| VISCOSITY, CST @ 122 DEG F (50 DEG C) | | CST | 380.0 |

**QUANTITY:**
         200.000 Metric Ton
+/-5% OPTION OF SELLER

**DELIVERY:**
VIA SELLER'S BARGE TO BUYER'S VESSEL, "ALMI SUN", DURING THE PERIOD OF 10/25/2014 -
10/27/2014.

**PRICE:**
$ 588.000000 per  1 Metric Ton
FIXED AND FLAT. BASIS CORPUS CHRISTI, TX

PAYMENT TERMS:
PAYMENT SHALL BE MADE THIRTY (30) CALENDAR DAYS AFTER DELIVERY WITHOUT DISCOUNT,
DEDUCTION, WITHHOLDING, OFFSETS OR  COUNTERCLAIM IN U.S. DOLLARS BY WIRE TRANSFER OF
IMMEDIATELY AVAILABLE FUNDS ON OR BEFORE THE PAYMENT DUE DATE, AS SET FORTH IN THE
SPECIAL PROVISIONS, TO THE BANK AND ACCOUNT DESIGNATED BY SELLER, AGAINST
PRESENTATION TO BUYER BY SELLER OF ORIGINAL HARD COPY OR TELECOPY INVOICE TOGETHER
WITH SUPPORTING DOCUMENTS.  BUYER MUST INITIALLY PAY THE FULL AMOUNT DUE, WITH ANY
DISPUTES RESOLVED BETWEEN THE PARTIES AFTER SUCH PAYMENT HAS BEEN MADE.  ALL BANK
CHARGES WILL BE FOR THE ACCOUNT OF THE BUYER.

DELIVERED VOLUMES FOR INVOICING WILL BE DETERMINED AS FOLLOWS:
   -   BARGE     - VOLUME DISCHARGED FROM BARGE
   -   PIPELINE  - STATIC SHORE TANK DOWN GAUGE
   -   TRUCKS    - BILL OF LADING VOLUMES

WHEN PAYMENT DUE DATE FALLS ON A SATURDAY OR A WEEKDAY, OTHER THAN MONDAY, WHICH IS
NOT A BANKING DAY IN NEW YORK, THEN ANY SUCH PAYMENT SHALL BE MADE ON THE NEAREST
PRECEDING NEW YORK BANKING DAY.  WHEN THE PAYMENT DUE DATE FALLS ON A SUNDAY OR ON A
MONDAY WHICH IS NOT A BANKING DAY IN NEW YORK, SUCH PAYMENT SHALL BE MADE ON THE NEXT
FOLLOWING BANKING DAY.

CREDIT:
IT IS UNDERSTOOD THAT IN CONSIDERATION OF EXTENDING THE ABOVE CREDIT TERMS, VALERO IS
ALSO RELYING ON THE CREDIT OF THE ABOVE VESSEL AS UNDER U.S. LAW, AND VALERO
EXPRESSLY RETAINS ITS RIGHT OF MARITIME LIEN AGAINST THE VESSEL.  ANY ATTEMPT TO
IMPAIR OR LIMIT SAID LIEN AGAINST THE VESSEL SHALL NOT BE ALLOWED.

O.W. BUNKER USA, INC.               Doc. no./Date               Page 3 of  6
1485 E. SAM HOUSTON PKWY S.     40467535 / 10/24/2014
PASADENA TX 77503

## NO SETOFF/NETTING:

NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE TERMS AND CONDITIONS GOVERNING THIS TRANSACTION, NEITHER PARTY HERETO SHALL HAVE THE RIGHT TO NET OR SET OFF ANY PAYMENTS DUE FROM IT HEREUNDER AGAINST ANY PAYMENTS DUE OR ALLEGEDLY DUE TO IT OR ANY OF ITS AFFILIATES FROM THE OTHER PARTY OR ITS AFFILIATES IN CONNECTION WITH ANY SEPARATE TRANSACTION, UNLESS AND ONLY TO THE EXTENT THE PARTIES HAVE ENTERED INTO A SEPARATE MASTER NETTING AGREEMENT OR SIMILAR AGREEMENT THAT EXPRESSLY PROVIDES FOR SUCH NETTING OF PAYMENTS.

## ENVIRONMENTAL LIABILITY:

ONCE TITLE TO AND RISK OF LOSS ASSOCIATED WITH THE PRODUCT PASSES TO BUYER AS PROVIDED FOR HEREIN, THEN AS BETWEEN BUYER AND SELLER, BUYER SHALL BE SOLELY RESPONSIBLE AND LIABLE FOR, AND SHALL RELEASE, DEFEND (UPON SELLER'S REQUEST), INDEMNIFY, AND HOLD SELLER, AS WELL AS SELLER'S PARENT ENTITY AND EACH OF ITS SUBSIDIARIES AND AFFILIATES, HARMLESS FROM AND AGAINST, ANY CLAIM, LOSS, COST, EXPENSE, LIABILITY, SUIT, FINE, PENALTY, ORDER, JUDGMENT, OR OTHER ASSESSMENT OF ANY KIND OR NATURE WHATSOEVER (INCLUDING REASONABLE ATTORNEY'S FEES AND COURT COSTS) CAUSED BY, RESULTING FROM, OR OTHERWISE ASSOCIATED WITH (A) THE RELEASE, SPILL, OR DISCHARGE OF ANY PRODUCT INTO THE ENVIRONMENT, INCLUDING ANY RELATED LOSS OR DESTRUCTION OF, OR DAMAGE TO, ANY PROPERTY, OR ANY INJURY TO OR DEATH OF ANY INDIVIDUAL OR MARINE LIFE, AND  (B) THE REMEDIATION, CLEAN-UP, REMOVAL, OR DISPOSAL OF ANY SUCH PRODUCT.

## TITLE AND RISK OF LOSS:

EXCEPT AS OTHERWISE SPECIFIED IN THIS AGREEMENT, TITLE AND RISK OF LOSS SHALL PASS FROM SELLER TO BUYER AT CORPUS CHRISTI, TEXAS AS FOLLOWS:

A.  WHEN DELIVERING ONTO OR RECEIVING OFF A VESSEL OR BARGE, AS THE PRODUCT PASSES THE PERMANENT INLET OR OUTLET FLANGE ON THE OUTBOARD END OF THE LAST VESSEL/BARGE-SUPPLIED REDUCER, FITTING, OR HOSE;

B.  WHEN DELIVERING INTO OR OUT OF A PIPELINE, AS THE PRODUCT RESPECTIVELY ENTERS OR LEAVES SUCH PIPELINE;

C.  WHEN DELIVERING INTO OR OUT OF A TRUCK, AS THE PRODUCT RESPECTIVELY ENTERS OR LEAVES SUCH TRUCK;

D.  WHEN DELIVERING INTO OR OUT OF A STORAGE TANK FACILITY, AS THE PRODUCT RESPECTIVELY ENTERS OR LEAVES THE INLET OR OUTLET FLANGE OF SUCH STORAGE TANK FACILITY;

E.  IN THE CASE OF A BOOK, IN-LINE, IN-TANK, INVENTORY OR STOCK TRANSFER, ON THE EFFECTIVE DATE OF THE RESPECTIVE TRANSFER.

## TAXES:

SECTION 9 OF THE GENERAL CONDITIONS IS HEREBY MODIFIED BY ADDING A FOURTH PARAGRAPH WHICH SHALL READ:  "NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED HEREIN, EACH PARTY SHALL BE RESPONSIBLE FOR ITS OWN INCOME AND FRANCHISE TAXES."

## EFFECTIVE 05/15/2013, THE FOLLOWING TRANSPORTATION CHARGES WILL APPLY:

**TRANSPORTATION CHARGE:** ONE PRODUCT DELIVERY $6,800; TWO PRODUCT DELIVERY $8,000.

O.W. BUNKER USA, INC.              Doc. no./Date              Page 4 of 6
1485 E. SAM HOUSTON PKWY S.       40467535 / 10/24/2014
PASADENA TX 77503

### BARGE/PIPELINE BLENDS:

FOR IFO BLENDS DIFFERENT FROM VALERO'S SUPPLY TANK AT TIME OF DELIVERY, BUYER RECOGNIZES THAT BARGE/PIPELINE BLENDING WILL BE REQUIRED AND ACCEPTS THE IFO BLEND ON AN AS DELIVERED BASIS TO THE VESSEL.

### FAILURE TO ACCEPT DELIVERY:

IN THE EVENT BUYER FAILS TO ACCEPT PRODUCT UNDER THIS CONTRACT, BUYER SHALL BE RESPONSIBLE FOR SELLER'S LOST PROFITS, AND IF PRODUCT HAS BEEN LOADED ONTO BARGE OR SCHEDULED FOR LOADING, FOR ANY BARGE CANCELLATION CHARGES PLUS SELLER'S COST TO RESTOCK PRODUCT.

### INSPECTION:

BUYER SHALL HAVE THE RIGHT, AT THEIR OWN EXPENSE, TO APPOINT AN INDEPENDENT INSPECTOR TO INSPECT THE PRODUCT TO BE DELIVERED. INSPECTION SHALL TAKE PLACE IN THE PRESENCE OF A REPRESENTATIVE OF VALERO PRIOR TO THE PRODUCT LEAVING THE SHORE TANK. ANY CLAIM BY BUYER WITH RESPECT TO QUANTITY OR QUALITY MUST BE NOTED ON RECEIPT AT TIME OF DELIVERY. SHOULD BUYER ELECT NOT TO APPOINT AN INSPECTOR, THEN VALERO'S FINDINGS SHALL BE FINAL AND BINDING.

### QUALITY LIMITATIONS:

OTHER THAN THOSE STATED, VALERO DOES NOT GUARANTEE ANY MAXIMUM LEVELS OF METALS IN THE PRODUCT. IF BUYER HAS A METAL LIMITATION IT IS BUYER'S RESPONSIBILITY TO ARRANGE FOR THE PRODUCT TO BE TESTED TO BUYER'S SATISFACTION PRIOR TO PRODUCT BEING LOADED ON VESSEL OR BARGE FOR DELIVERY. THIS PRODUCT MAY CONTAIN H2S AND RED OR BLUE DYE.

### U.S. EXPORT CONTROL, DENIED PARTIES, SANCTIONS AND EMBARGOS COMPLIANCE CLAUSE

BUYER REPRESENTS AND WARRANTS THAT NEITHER BUYER NOR ANY OF ITS PRINCIPALS OR CONTROLLING INTERESTS APPEAR ON ANY OF THE DENIED PARTY LISTS ADMINISTERED BY ANY AGENCY OR INSTRUMENTALITY OF THE U.S. GOVERNMENT, INCLUDING BUT NOT LIMITED TO THE U.S. DEPARTMENT OF TREASURY, OFFICE OF FOREIGN ASSETS CONTROL'S ("OFAC") SPECIFICALLY DESIGNATED NATIONALS AND BLOCKED PERSONS LIST. BUYER SHALL COMPLY WITH UNITED STATES LAWS AND REGULATIONS CONCERNING SANCTIONED AND/OR EMBARGOED COUNTRIES AND SHALL NOT, IN CONNECTION WITH THIS AGREEMENT, HIRE, OUT-CHARTER, CONTRACT OR SUBCONTRACT WITH, ANY ENTITY ORGANIZED UNDER THE LAWS OF, OR OPERATING UNDER THE FLAG OF, OR PROVIDE ANY SERVICES TO, ANY COUNTRY SUBJECT TO A COMPREHENSIVE EMBARGO OR SANCTIONS PROGRAM OF THE UNITED STATES, INCLUDING IRAN, CUBA, SUDAN, OR NORTH KOREA.

BUYER SHALL RELEASE, DEFEND, INDEMNIFY, AND HOLD VALERO ENERGY CORPORATION, ITS SUBSIDIARIES AND AFFILIATES, AS WELL AS THE OFFICERS, DIRECTORS, EMPLOYEES, AND AGENTS OF EACH OF THEM (COLLECTIVELY, THE "VALERO INDEMNIFIED PARTIES"), HARMLESS FROM AND AGAINST ANY CLAIM, CAUSE OF ACTION, COST, DAMAGE, EXPENSE, FINE, JUDGMENT, LIABILITY, OR PENALTY OF ANY KIND OR NATURE WHATSOEVER (INCLUDING ATTORNEYS FEES AND COST OF COURT OR ARBITRATION)(COLLECTIVELY, THE "COSTS") INCURRED AS A RESULT OF ANY CLAIM, ACTION, PROCEEDING, OR RULING EITHER BROUGHT BEFORE OR IMPOSED BY ANY U.S. JUDICIAL, REGULATORY, ADMINISTRATIVE, OR GOVERNMENT AUTHORITY THAT MAY ARISE AS A RESULT OF BUYER'S BREACH OF THIS SECTION.

| O.W. BUNKER USA, INC. | Doc. no./Date | Page 5 of 6 |
|---|---|---|
| 1485 E. SAM HOUSTON PKWY S, | 40467535 / 10/24/2014 | |
| PASADENA TX 77503 | | |

**GOVERNING LAW AND JURISDICTION:**
ANY CONTROVERSY, CAUSE OF ACTION, DISPUTE OR CLAIM ARISING OUT OF, RELATING TO, OR IN
CONNECTION WITH THIS AGREEMENT, OR THE BREACH, TERMINATION OR VALIDITY THEREOF, SHALL
BE GOVERNED BY THE SUBSTANTIVE AND PROCEDURAL LAWS (EXCLUDING ANY CONFLICT-OF-LAWS,
RULES OR PRINCIPLES WHICH MAY REFER THE LAWS OF THE STATE OF TEXAS TO THE LAWS OF
ANOTHER JURISDICTION) OF THE STATE OF TEXAS.  THE PARTIES SPECIFICALLY AGREE THAT THE
SOLE JURISDICTION FOR ANY CLAIMS SHALL BE IN STATE OR FEDERAL COURTS LOCATED IN
HARRIS COUNTY, TEXAS.

WITHOUT LIMITING THE FOREGOING IN ANY WAY, IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT
THE UNITED NATIONS CONVENTION ON CONTRACTS FOR THE INTERNATIONAL SALE OF GOODS SHALL
NOT GOVERN THIS TRANSACTION.

**ASSIGNMENT:**
NEITHER SELLER NOR BUYER SHALL ASSIGN THIS AGREEMENT WITHOUT PRIOR WRITTEN CONSENT OF
THE OTHER PARTY.  ASSIGNOR SHALL REMAIN RESPONSIBLE FOR PERFORMANCE.

**OTHER TERMS AND CONDITIONS:**
WHERE NOT INCONSISTENT WITH THE ABOVE, VALERO MARKETING AND SUPPLY COMPANY'S GENERAL
TERMS AND CONDITIONS FOR PETROLEUM PRODUCT PURCHASES/SALES DATED JULY 1998, ALONG
WITH THE MARINE PROVISIONS DATED OCTOBER 6, 2011 AND SUBSEQUENT AMENDMENTS ARE HEREBY
INCORPORATED INTO AND FORM PART OF THIS CONTRACT AND TOGETHER WITH THE FOREGOING
SHALL CONSTITUTE THE ENTIRE AGREEMENT.  A COPY OF SUCH DOCUMENTS WILL BE PROVIDED
UPON REQUEST.

WHERE NOT INCONSISTENT WITH THE ABOVE, INCOTERMS 2000, PLUS SUBSEQUENT AMENDMENTS,
ARE HEREBY INCORPORATED BY REFERENCE.

**CONTACTS:**
OPERATIONAL:
  CRUDE AND INTERMEDIATES:
                              TEL:(210) 345-5112
                               FAX:(210) 345-2768

  CONTRACTS:        MARTIN TOVAR      TEL: (210) 345-2288
                                      FAX: (210) 345-2585
                          E-MAIL: MARTIN.TOVAR@VALERO.COM

  DEMURRAGE:                      TEL: (210) 345-2782
                                  FAX: (210) 345-5932

  CREDIT:                         TEL: (210) 345-2064
                                  FAX: (210) 345-2716

O.W. BUNKER USA, INC.                  Doc. no./Date          Page 6 of   6
1485 E. SAM HOUSTON PKWY S.            40467535 / 10/24/2014
PASADENA TX 77503

---

INVOICE:                         TEL: (210) 345-2265
                                 FAX: (210) 444-8512

WE ARE PLEASED TO HAVE CONCLUDED THIS CONTRACT WITH YOUR COMPANY AND LOOK FORWARD TO
RECEIVING YOUR CONFIRMATION OF THE FOREGOING.

IF YOU ARE NOT IN AGREEMENT WITH ANY OF THE ABOVE PROVISIONS, PLEASE ADVISE BY RETURN
TELECOPY TO THE ATTENTION OF THE CONTRACT ADMINISTRATION DEPT. (FAX # 210-345-2585).
IF NO RESPONSE IS RECEIVED WITHIN TWO BUSINESS DAYS OF RECEIPT, THE TERMS AND
CONDITIONS HEREIN SHALL BE CONSIDERED BINDING ON BOTH PARTIES.  NONE OF THE TERMS OF
THIS CONTRACT MAY BE MODIFIED UNLESS MUTUALLY AGREED TO IN WRITING.

REGARDS,
DAVID OLSON
VALERO MARKETING AND SUPPLY COMPANY

EXHIBIT
**B**

# BUNKERING CERTIFICATE

| | |
|---|---|
| Vessel | Almi Sun |
| Release No. | 1520387 |
| Flag | Liberia |
| Port of Registry | Monrovia |
| Date | 10/25/14 |
| Agent | Moran |
| Product | LSFO 380 |
| Delivery Location (Port and Dock No.) | Corpus Christi Tx |
| Delivery (Tug and Barge Name) | D/B Bayou Christi Tx K18750 |
| Supplying Terminal | Cust Frank Stallings Valero |

**Innages/Ullages Before Loading/Discharge**

| Tank No. | Gauges | Gross BBL/GAL | Temp. | V.C. Factor | G.S.V. |
|---|---|---|---|---|---|
| | | | Open meter | 0 | 7716524.2 |
| | | | Close meter | 0 | 7778306.6 |
| | | | | Gross BBL | 1304.3 |
| TOTALS | | | | | |

**Innages/Ullages Before Loading/Discharge**

| Tank No. | Gauges | Gross BBL/GAL | Temp. | V.C. Factor | G.S.V. |
|---|---|---|---|---|---|
| | | | | | |
| TOTALS | | | | | |

**Innages/Ullages Before Loading/Discharge**

| Tank No. | Gauges | Gross BBL/GAL | Temp. | V.C. Factor | G.S.V. | Quantity Delivered |
|---|---|---|---|---|---|---|
| | | | | | | Api Gravity 12.9 |
| | | | | | | Density @ 15°C 979.3 |
| | | | | | | Conversion Factor 0.1564736742 |
| | | | | | | Net Barrels 1280.28 |
| | | | | | | Metric Tons 199.98 |
| | | | | | | Sulfur 0.446 |
| TOTALS | | | | | | Visc CST 122 350.0 |

Marpol Customer Sample Seal # 13500778
I 3621147  V3621146

Marpol Supplier Sample Seal # D 3621205  V3621146

No disclaimer stamp of any type or form will be accepted on this bunkering certificate, nor, should any such stamp be applied, will it alter, change, or waive Valero's Maritime Lien against the vessel or waive the vessel's ultimate responsibility and liability for the debt incurred through this transaction.

This ship or vessel to which this product is delivered is engaged in transporting persons and/or property in interstate and/or foreign commerce and does not operate on or in waterways of the state of _____. Mileage from the territorial limit to port dockside and return to international waters, foreign or coastwise, is not considered to be mileage in _____. The undersigned also certifies that the quantity/grade received is in accordance with the vessel's requirements.

ALL DISPUTES ARISING OUT OF THIS TRANSACTION SHALL BE INTERPRETED AND ENFORCED IN ACCORDANCE WITH THE GENERAL MARITIME LAW OF THE UNITED STATES OF AMERICA AND ALL STATUES RELATED THERETO THIS TRANSACTION SUBJECT TO VALERO'S GENERAL TERMS AND CONDITIONS FOR BUNKER SALES 1/87).

Valero Refining Company Representative

J.O. Tule

The Foregoing Received On Board Vessel
(Authorized Vessel Officer)

VESSEL IMO # 9579535

Valero Declared
Complied With
March 7/5/76 Times

Yellow - Vessel    Pink - Product Control

**VALERO**
MARKETING AND SUPPLY COMPANY
One Valero Way  San Antonio, TX 78249-1616
P.O. Box 696000  San Antonio, TX 78269-6000
Phone: (210) 345-2000

| | Date | Time |
|---|---|---|
| Arrived Along Side Date | 10/25/14 | 2010 |
| Hose Connected Date | 10/25/14 | 2205 |
| Commence Pumping Date | 10/25/14 | 2240 |
| Completed Pumping Date | 10/25/14 | 0005 |
| Departed Vessel Date | | |

White - Accounting

V0945.indd NS 1/10



**VALERO**
**MARKETING AND SUPPLY COMPANY**
P.O. Box 696000
San Antonio, TX 78269

Bill To:

O.W. BUNKER USA, INC,
2603 AUGUSTA DRIVE, SUITE 440
HOUSTON, TX  77057

| Marketing Invoice |
| --- |

Invoice no./Date
91115556 / 11/04/2014
Reference no./Date

Delivery note no./Date
2428543983 / 10/26/2014
Sales order no./Date
906833 / 10/24/2014
Customer number
111350

Ship-to address:
CORPUS CHRISTI, TX

Valero billing contact
LISA A GONZALES
> > > > > > Payment Due Date < < < < < <
**11/25/2014**
Contract No
40467535

REMIT TO: EPA # 4006
Valero Capital Corporation
JP Morgan Chase Bank, Acct. #323326153
New York, NY / ABA#021000021
FOR BENEFIT OF VALERO MKTG. SUPPLY CO.
Reference: 91115556

Requirements:
Terms of payment:   WIRE 30 CAL DAYS AFTR DELIVERY
Terms of delivery:      DES CORPUS CHRISTI, TEXAS Delivered from ship

| Item | Product<br>Price Description | Description<br>Price    unit | | By | Qty<br>UOM | Value | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 000010 | FO380      FUEL OIL 380 | | | | 199.980 | MT | |
| | Contract Price | 588.000000 | US$ | 1 | MT | 117,588.24 | USD |
| | Marine Transp Bill | 6,800.00 | USD | | | 6,800.00 | USD |
| | Note: | | | | | | |
| | Origin: | Valero Marketing and Supply Company | | | | | |
| | Transport ID: | Barge | | | | | |
| | Shipping Agent: | | | | | | |
| | Shipping Order No. | 15202870010 | | | | | |
| | Vessel Name: | ALMI SUN | | | | | |

Net Amount                                                                           124,388.24   USD



EXHIBIT